# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　Plaintiff,<br><br>　　*vs.*<br><br>**APPROXIMATELY $1,058,153.78 WORTH OF EQUITIES, ANNUITIES, AND OTHER INVESTMENT VEHICLES CONTAINED IN BB&T ACCOUNT NUMBER \*\*\*\*-5508 HELD IN THE NAME OF MARK MURPHY WITH DESIGNATED BENEFICIARY, JENNIFER MURPHY,** *et al.*,<br><br>　　and<br><br>**APPROXIMATELY $380,723.35 WORTH OF EQUITIES, ANNUITIES, AND OTHER INVESTMENT VEHICLES CONTAINED IN BB&T ACCOUNT NUMBER \*\*\*\*-2106 HELD IN THE NAME OF JENNIFER MURPHY WITH DESIGNATED BENEFICIARY MARK MURPHY,**<br><br>　　Defendants. | **Case No. 5:18-cv-01181-LCB**<br><br>**JURY DEMAND** |

## CLAIMANTS' JOINT OPPOSITION TO GOVERNMENT'S MOTION TO STAY DISCOVERY

Claimants Mark A. Murphy, M.D., and Jennifer Murphy hereby oppose the government's motion to stay this civil forfeiture action.

## ARGUMENT

The government seeks to stay this case—entirely and indefinitely—pursuant to 18 U.S.C. § 981(g). That statute provides in relevant part:

> (g)(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will **adversely affect** the **ability** of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
> …
>
> (3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that **a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case**. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

(Emphasis added.) The government's motion is premature because no civil discovery has been attempted and thus it is impossible for this Court to determine (a) whether discovery would "adversely affect" the government's investigation and (b) whether a protective order would mitigate any such "adverse" effect. The motion should therefore be denied.

### 1. The government has not "actually shown" that civil discovery would adversely affect its ability to conduct the allegedly related criminal investigation.

Section 981(g)(1) requires the government to prove two elements: (1) the forfeiture case is "related" to a criminal investigation; and (2) civil discovery in the forfeiture case would "adversely affect" the government's ability to conduct that investigation. Assuming the government's pending criminal investigation is related to this forfeiture action, that fact does not entitle the government to a stay. That is because under section 981(g)(1), there "is no presumption that civil discovery, in itself, automatically creates an adverse effect…."[1] The government must "**actually show**" that adverse effect; otherwise, "**every** civil forfeiture case with a related criminal investigation [would be] entitled to a stay."[2] The government has failed to put on any such proof in this case.

Numerous district courts have held that the government cannot meet its burden under section 981(g)(1) of "actually showing" an "adverse effect" with mere conclusory allegations and speculation. For example, in *United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla. Account No. 7240001868* (2004), the Northern District of Texas denied the government's stay motion where the government argued that "civil discovery will adversely affect the ability of the government to conduct a related criminal investigation," that denying the motion

---

[1] *United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla. Account No. 7240001868*, No. CIV.A.3:04-CV-1476-G, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004).

[2] *Id.* (emphasis in original).

would give the defendants "discovery rights into the criminal investigation before they are formally charged," and that "permitting discovery would not produce a fair and equal process" because the defendants could "assert their Fifth Amendment rights to avoid responding to discovery requests…."[3] The district court held that the government's "arguments do nothing more than speculate about how civil discovery will adversely affect its criminal investigation."[4] Under the government's speculative arguments, "**every** civil forfeiture case with a related criminal investigation [would be] entitled to a stay."[5]

The *All Funds ($357,311.68)* court criticized the government's failure to put on actual proof. The government failed to "point to any specific discovery request or abuse that has taken place," prove that discovery would compromise the government's investigation, demonstrate that civil discovery would "compromise the identity of any confidential informants or cooperating witnesses," or show that the claimants "might abuse the discovery process with overbroad discovery requests."[6]

Likewise, in *United States v. Real Prop. & Premises* (2009), the District of Minnesota denied the government's stay motion because the government failed to put on proof of adverse effect.[7] The government's claims that it was "concerned" the defendants "will obtain information through discovery in this case that they

---

[3] *Id.* at *2 (internal quotation marks and brackets omitted).
[4] *Id.*
[5] *Id.* (emphasis in original).
[6] *Id.*
[7] *United States v. Real Prop. & Premises*, 657 F. Supp. 2d 1060, 1063 (D. Minn. 2009).

could not obtain in the criminal case" and that the government "anticipate[d]" the defendants "would assert the Fifth Amendment privilege against self-incrimination if it were to seek discovery from them" was "not enough."[8] Citing *All Funds ($357,311.68)*, the district court held that the government "cannot discharge its burden by claiming that the discovery process could, theoretically, impair the criminal case" because "[i]f that were true, a stay would be appropriate whenever requested by the Government in a civil-forfeiture action, since civil discovery is far broader than criminal discovery."[9] That would contradict section 981(g)(1)'s plain language: "If Congress had intended such a result, it would have said so in the statute."[10]

Similarly, in *United States v. U.S. Currency in the Amount of $423,059.02* (2012), the Western District of Missouri denied a stay where the government alleged myriad concerns, namely, that civil discovery "would interfere with the criminal investigation by compromising the identities of cooperating witnesses[] and forecasting the Government's intent to interview additional prospective witnesses," "advance discovery of the government's investigative and prosecution strategies[] and allow claimants earlier and broader discovery than they would be allowed in the criminal context under Rule 16"; "expose the Government's witnesses to cross-

---

[8] *Id.* at 1063.
[9] *Id.* at 1063–64.
[10] *Id.* at 1064.

examination and the law enforcement officers to testimonial declarations before the investigation is complete[] and all facts are known"; and, finally, "permit Claimants to learn about the nature and scope of the investigation and to anticipate future investigative action."[11] Citing *All Funds ($357,311.68)*, the district court held these allegations were "conclusory" and would justify a stay in every forfeiture case.[12]

Most recently, in *United States v. $4,480,466.16 in Funds Seized From Bank of Am. Account Ending in 2653* (2018), the Northern District of Texas again denied a government motion to stay a civil forfeiture action.[13] The government alleged that discovery could "compromise the investigation by permitting depositions of individuals who may be called at a criminal trial, including the defendants (who have a Fifth Amendment right to remain silent), law enforcement agents, and individuals involved in the scheme under investigation" and "could compromise confidential law enforcement information, as well as provide improper opportunities for the defendant to ascertain prematurely the details of the ongoing criminal investigation by earlier and broader civil discovery than is permissible in criminal proceedings."[14] The district court held these arguments "do nothing more than specu-

---

[11] *United States v. U.S. Currency in the Amount of $423,059.02*, No. 12-3054-CV-S-ODS, 2012 WL 1950218, at *1 (W.D. Mo. May 30, 2012).
[12] *Id.*
[13] *United States v. $4,480,466.16 in Funds Seized From Bank of Am. Account Ending in 2653*, No. 3:17-CV-2989-D, 2018 WL 1964255, at *3 (N.D. Tex. Apr. 26, 2018).
[14] *Id.* (internal quotation marks and brackets omitted).

late about how civil discovery will adversely affect its criminal investigation" and failed to actually show adverse effect as required by section 981(g)(1).[15, 16]

These cases are directly on point. The government's stay motion in this case is replete with conclusory allegations but unsupported by any evidence. As in *All Funds ($357,311.68)*, the government cannot "point to any specific discovery request or abuse that has taken place," prove that discovery would compromise the government's investigation, demonstrate that civil discovery would "compromise the identity of any confidential informants or cooperating witnesses," or show that the claimants "might abuse the discovery process with overbroad discovery requests"[17]—because discovery has not yet begun. What is more, the government even admits the basis for its motion is purely speculative: "[B]ecause the criminal investigation and any resulting prosecution will **potentially** involve additional facts and evidence that the Government is still learning about, allowing this case to proceed into discovery at this time will adversely affect the Government's ability to conduct its investigation." (Doc. 30, p. 2) (emphasis added). Nowhere in its motion does the government offer proof that would convert this "potential" into reali-

---

[15] *Id.* (internal quotation marks and citations omitted).
[16] *See, also, United States v. One J.P. Morgan Chase Bank Account No. XXXXXXXXXXX in amount of Seven Hundred Fifty Thousand Dollars ($750,000.00),* No. 1:05-CV-294, 2006 WL 6562918, at *2 (W.D. Mich. Dec. 14, 2006) (denying stay motion where government "speaks in broad terms about the inevitable disclosure of sensitive information through the discovery process" but "fails to relate its generalizations to any particular aspect of its investigation or to provide anything more concrete than conclusory statements or speculation to support its claim that civil discovery would jeopardize the investigation").
[17] *All Funds ($357,311.68)* at *2.

ty. The best the government can manage is to speculate—recklessly and insultingly—that Claimants might destroy some unspecified evidence or tamper with some unspecified witnesses. Claimants have not been charged with any crime and are presumed innocent of any criminal charge the government might someday bring. Yet the government has just suggested, without any evidence, that these two citizens will commit felony obstruction of justice.

The government's reckless and baseless accusation diverts attention from its real objective: "The Government does not wish to share the details of this active, evolving investigation prior to completing the investigation or making charging decisions." (Doc. 30, p. 6.) In other words, the government is not prepared to say if it can or will ever bring a single criminal charge against Claimants but demands the right to use civil process to deprive Claimants of their property, indefinitely, without any hearing, and without having to submit itself to any scrutiny in the very civil action it chose to file.

Under section 981(g)(1), the government's extraordinary (and extraordinarily unfair) demand can only be justified by actual proof that civil discovery will "adversely affect **the ability** of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (Emphasis added.) The government has not presented any such proof. Rather, the government's motion is

founded upon a potential buttressed by a speculation. The government's motion should be denied on that basis alone.

### 2. The government also has not shown that a protective order cannot protect the government's interest.

The government has not actually shown any adverse effect upon its ability to investigate or prosecute Claimants, but even if it could, the government would also have to show that a protective order could not protect its interest.[18] Significantly, the government cannot make this showing either.

In *United States v. Sum of $70,990,605*, the District of the District of Columbia denied the government's stay motion because the government "failed to demonstrate that a stay is necessary because a well-crafted protective order limiting discovery will suffice to protect the United States' asserted interest and the protective order will not allow only one side to pursue discovery."[19] The government argued that a protective order was inadequate because "witnesses may claim the Fifth Amendment privilege against self-incrimination."[20] The district court rejected this argument because the government offered "no evidence that any witness has claimed the Fifth Amendment," "no indictment has yet been returned," and the

---

[18] 18 U.S.C. § 981(g)(3).
[19] *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 209, 214–15 (D.D.C. 2014).
[20] *Id.*

government offered "no evidence that it cannot take discovery because of the pending criminal investigation."[21]

Here, the government has not even addressed the possibility of a protective order. Even if the government's conclusory allegations were evidence, they do not show that a protective order cannot protect the government's interest in this case.

Since the government has failed to prove any adverse effect, there is no need to consider a protective order. If, however, this Court is inclined to believe a protective order is necessary, the District of D.C.'s decision in *Sum of $70,990,605* and the Western District of Louisiana's decision in *United States v. 2013 Jeep Wrangler Sport Util. Vehicle*[22] provide two useful models. In *Sum of $70,990,605*, the district court ordered the parties to submit a proposed protective order with limits on discovery and noted that the government could renew its motion if problems arose.[23] In *2013 Jeep Wrangler*, the district court noted that the parties had "agreed to "a range of limited discovery which could be undertaken in the case, both formally and informally, with avenues for objection by the government and restriction by the Court" pursuant to which the defendant "may formally inquire through normal civil discovery techniques, to which the government may object if appropriate and the Court will fashion the appropriate protective order on an individual

---

[21] *Id.* at 214–215.
[22] *United States v. 2013 Jeep Wrangler Sport Util. Vehicle*, No. 6:14-CV-1080, 2014 WL 4225089, *1 (W.D. La. Aug. 26, 2014).
[23] *Sum of $70,990,605* at 215 & n.3.

basis."[24] Either approach logically ties the decision of whether and how to limit discovery to actual discovery requests and events, thus allowing the Court to rule upon concrete facts rather than abstract speculation and better preserve the interests of the parties and justice generally.

The government has failed to show adverse effect and failed to consider the possibility of a protective order to eliminate any adverse effect it might have proved. The government's motion should therefore be denied.

## REQUEST FOR RELIEF

For these reasons, Claimants request the Court to deny the government's motion and grant any other necessary or proper relief.

Respectfully submitted today, December 4, 2018.

S/ W. Justin Adams
W. Justin Adams (*pro hac vice*)


S/ Hal Hardin
Hal Hardin (*pro hac vice*)

---

[24] *2013 Jeep Wrangler Sport Util. Vehicle* at *1.

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087 (35804)
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805

C. Gregory Burgess (ASB-1519-R79C)
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email: cgb@lanierford.com

**BONE MCALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, Tennessee 37219

Edward M. Yarbrough (TNBPR #004097) *pro hac vice*
Telephone: (615) 238-6390
Facsimile: (615) 687-6990
E-mail: eyarbrough@bonelaw.com

W. Justin Adams (TNBPR #022433) *pro hac vice*
Telephone: (615) 238-6346
Facsimile: (615) 687-5787
E-mail: wjadams@bonelaw.com

**Attorneys for Claimant Mark A. Murphy, M.D.**

**COPELAND, FRANCO, SCREWS & GILL, P.A.**
Ashley N. Penhale (ASB- 1771A50P)
444 South Perry Street
Montgomery, Alabama 36104
Telephone Number: (334) 834-1180
Facsimile Number: (334) 834-3172
E-mail: penhale@copelandfranco.com

Hal Hardin (TNBPR #003001) *pro hac vice*
Cynthia Chappell (TNBPR #016028) *pro hac vice*
211 Union Street, Suite 200
Nashville, Tennessee 37201

Telephone: (615) 369-3377
Facsimile: (615) 369-3344
E-mail: hal@hardinlawoffice.com
E-mail: cindy@chappelllawoffices.com

**Attorneys for Claimant Jennifer Murphy**

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jay E. Town, Esq.
Nicole Grosnoff, Esq.
U.S. Attorney's Office
1801 4th Avenue, North
Birmingham, Alabama 35203
E-mail: jay.e.town@usdoj.gov
E-mail: nicole.s.grosnoff@usdoj.gov

Hal Hardin, Esq.
Cynthia Chappell, Esq.
211 Union Street, Suite 200
Nashville, Tennessee 37201
E-mail: hal@hardinlawoffice.com
E-mail: cindy@chappelllawoffices.com

Ashley Penhale, Esq.
**COPELAND, FRANCO, SCREWS & GILL, P.A.**
444 South Perry Street
Montgomery, Alabama 36104
E-mail: penhale@copelandfranco.com

C. Gregory Burgess, Esq.
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087 (35804)
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
Email: cgb@lanierford.com

                                               S/ W. Justin Adams
                                               W. Justin Adams